NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS MENDEZ-SANCHEZ, | No.   14-72256 |
| Petitioner, | Agency No. A094-373-407 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Jesus Mendez-Sanchez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1952.  We review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Parada v. Sessions*, 902 F.3d 901, 908 (9th Cir. 2018). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Mendez-Sanchez established only a personal dispute and failed to show that any harm he experienced or fears in Mexico was or would be on account of a protected ground. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) ("'Purely personal retribution is, of course, not persecution on account of [a protected ground].'" (quoting *Grava v. INS*, 205 F.3d 1171, 1181 n.3 (9th Cir. 2000)). Thus, his asylum and withholding of removal claims fail.

We reject Mendez-Sanchez's argument that the IJ violated his due process rights by failing to fully develop the factual record regarding the timeliness of his asylum application and a nexus to a protected ground. *See Jiang*, 754 F.3d at 741 (standard for prevailing on a due process claim).

In his opening brief, Mendez-Sanchez fails to challenge the agency's denial of his CAT claim. Thus, Mendez-Sanchez has waived any such challenge. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issue not raised in opening brief is waived).

In light of our disposition, we do not address Mendez-Sanchez's remaining

2

contentions as to his eligibility for asylum and withholding of removal. *See*

*Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are

not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**